IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY T.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

Civ. No. 6:18-cv-02025-CL

OPINION & ORDER

CLARKE, Magistrate Judge:

Plaintiff Mary T. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. All parties have consented to magistrate judge jurisdiction in this case. ECF No. 4. The decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## BACKGROUND

On October 22, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income, both alleging disability beginning on July 1, 2019. Tr. 13. The claims were denied initially and upon reconsideration. *Id.* At Plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on January 23, 2017, with a supplemental hearing held on June 6, 2017. *Id.* On October 3, 2017, the ALJ issued a decision finding Plaintiff not disabled. Tr.

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION & ORDER

30. The Appeals Council denied Plaintiff's request for review on September 17, 2018, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25; *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

## THE ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 1, 2009. Tr. 15. The ALJ determined Plaintiff had the following medically determinable impairments between the alleged onset date and the date last insured, March 30, 2011: acute knee and hip pain, and acute low back pain from fall accidents. Tr. 16. The ALJ determined that, for purposes of Plaintiff's Title II application, Plaintiff did not have an impairment or combination of impairments that significantly limited the ability to perform basic work activities for twelve consecutive months prior to March 30, 2011 and therefore did not have a severe impairment or combination of impairments. *Id.*

For purposes of Plaintiff's Title XVI application date of October 22, 2013 and forward, the ALJ found that Plaintiff had the following severe impairments: lumbar facet arthropathy, left piriformis syndrome, chronic pain syndrome, bilateral knee osteoarthritis, headaches and migraines versus occipital neuralagia, psychogenic seizures, obesity, posttraumatic stress disorder ("PTSD") versus anxiety disorder, panic disorder with agoraphobia, and depressive disorder. Tr. 19. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment. Tr. 21.

The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional restrictions: she should not climb ladders, ropes, or scaffolds; she can occasionally stoop, kneel, crouch, crawl, and balance; she should have less than occasional exposure to hazards; she can have occasional exposure to vibrations; she is limited to performing simple, routine tasks that do not require public interaction, other than superficial or incidental contact; she can have occasional co-worker contact that does not require teamwork; she can have

occasional contact with supervisors; and she should have only occasional changes to work tasks. Tr. 22.

The ALJ determined that Plaintiff was unable to perform her past relevant work. Tr. 28. At step five of the sequential analysis, the ALJ determined that Plaintiff was able to perform work as a photocopy machine operator, marker, and collator operator. Tr. 28-29. Accordingly, the ALJ determined Plaintiff was not disabled. Tr. 29-30.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

The parties agree that the ALJ erred in evaluating the medical opinions and constructing Plaintiff's RFC and that this case should be reversed and remanded. Def. Br. at 2. ECF No. 14. The parties dispute whether the ALJ also erred in determining that Plaintiff's impairments did not meet or equal a listed impairment at step three of the sequential analysis.

### I. Step Three

Plaintiff contends that the ALJ erred by failing to find that her impairments equaled a listed impairment at the third step of the analysis, based on the medical expert testimony of Nancy Winfery, Ph.D., concerning Listings 12.04 (depression), 12.06 (anxiety), and 12.15 (PTSD).

"At the third step of the evaluation, a claimant's impairment or combination of impairments is *medically* equivalent to a listed impairment—establishing disability and ending the five-step inquiry—if the claimant's impairment or combination of impairments 'is at least equal in severity and duration to the criteria of any listed impairment.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013) (quoting 20 C.F.R. § 416.926(a)). "Listed impairments are purposefully set to a high level of severity" because "they automatically end the five-step inquiry, before residual functional capacity is even considered." *Id.* at 1176.

Listings 12.04, 12.06, and 12.15 have three paragraphs—A, B, and C—and to meet the requirements of the listing, the impairment must satisfy either paragraphs A and B or A and C. 20 C.F.R. Part 404, Subpart P, App. 1, 12.00A(2). Paragraph A is medical criteria that must be present in the medical evidence. *Id.* Paragraph B is functional criteria and, to satisfy the listing, a claimant must show "extreme" limitation in one or "marked" limitation in two of the four areas of mental functioning. *Id.* To satisfy paragraph C, a plaintiff's impairment must be "serious and persistent,"

meaning that there must be a medically documented history of the disorder over a period of at least two years. *Id.*

In this case, the ALJ found marked limitations in only a single area for purposes of paragraph B, with mild or moderate limitations in the other three areas based on the testimony of Dr. Winfrey. Tr. 21-22. Nor were the requirements of paragraph C satisfied for any of the three listings. Tr. 22.

There is a twelve-month durational component to the disability inquiry. 42 U.S.C. § 1382c(a)(3)(A). "The claimant bears the burden of establishing a prima facie case of disability" and this burden "requires the claimant to make out of a case that both she has an impairment listed in the regulations and that she has met the duration requirement." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995); *see also Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003) (affirming a finding of non-disability because the claimant did not meet the requirements for a listed impairment for the required twelve-month period).

In this case, Dr. Winfrey testified that Plaintiff's limitations equaled a listed impairment between November 2013 and July 2014, and from March 2017 through the date of the hearing in June 2017. Tr. 48, *see also* Tr. 50 ("Well, I would say [Plaintiff] equals the combination of those listings for those periods of time."). Dr. Winfrey testified that she could not give an opinion about Plaintiff's impairments prior to November 2013. Tr. 53. Nor was Dr. Winfrey able to opine on the period from July 2014 through March 2017, although Dr. Winfrey observed that there were indications that Plaintiff was "doing better" during that period. Tr. 53-55. Even accepting Dr. Winfrey's testimony that Plaintiff met or equaled the listings for those periods, Plaintiff does not establish an equivalence lasting for at least twelve months, as required to satisfy a finding of

disability. The Court therefore concludes that the ALJ did not err at step three of the sequential analysis.

## II. Remedy

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (internal quotation marks and citations omitted).

In this case, examining psychologist Paul Stoltzfus, Psy.D., found that Plaintiff required a "quiet, non-social work environment." Tr. 1059. Dr. Winfrey concurred that Plaintiff would require a quiet work environment. Tr. 60. The vocational expert ("VE") testified that all of the jobs identified at step five of the sequential analysis are "moderate noise environments," and would not satisfy a need for a quiet work environment. Tr. 83. The ALJ did not include that limitation in Plaintiff's RFC and did not provide a basis for discounting the opinions of Drs. Stoltzfus and Winfrey.

In addition, reviewing psychologists Joshua Boyd, Psy.D., and Ben Kessler, Psy.D., opined that Plaintiff would be limited to understanding and remembering only 1-2 step tasks. Tr. 131, 145. This limitation was not included in the RFC and the ALJ gave no reason for discounting the opinions of Drs. Boyd and Kessler.

The Commissioner concedes that these omissions constitute harmful error and urges the Court to remand for further proceedings. Def. Br. at 2. Although Plaintiff urges remand for award of benefits based on the alleged error at step three of the analysis, Pl. Br. at 9, Plaintiff appears to agree that the proper remedy the other assignments of error is a remand for further proceedings. Pl. Br. at 5 ("The ALJ's decision must be remanded for further consideration."); 9 ("The ALJ's decision must be remanded for further consideration."). As set forth in the previous section, the Court concludes that the ALJ did not err at step three of the sequential analysis. Upon review of the record, and consistent with the parties' apparent agreement, the Court concludes that the proper remedy for the other errors is a remand for further proceedings.

On remand, the ALJ should consider the opinions of Dr. Stoltzfus and Dr. Winfrey concerning the need for a quiet work environment and either incorporate that limitation into Plaintiff's RFC or give sufficient reasons for rejecting it. The ALJ should likewise consider the opinions of Dr. Boyd and Dr. Kessler limiting Plaintiff to 1-2 step tasks and either include that limitation in the RFC or provide sufficient reasons for rejecting it.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

It is so ORDERED and DATED this ___7th___ day of January 2021.

MARK CLARKE
United States Magistrate Judge